Case 2:18-cr-00167   Document 106   Filed on 05/06/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL NO. 2:18-167 |
| § | CIVIL NO. 2:20-294 |
| MATTHEW JOSEPH LUCIO, § | |
| Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Matthew Joseph Lucio's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (D.E. 102), to which the Government has filed a response in opposition (D.E. 105). Movant, by counsel, moves the Court to reconsider its February 7, 2025 Memorandum Opinion & Order and Final Judgment denying his motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 95, 96. For the reasons stated herein, Movant's Rule 59(e) motion is **DENIED**.

**I. BACKGROUND**

Movant pled guilty to two counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts 1 and 2), and to two counts of using a means of interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Counts 3 and 4). His plea was pursuant to a written plea agreement, wherein he waived his right to appeal or collaterally attack his conviction or sentence, except to raise a claim of ineffective assistance of counsel. The Court sentenced Movant to 30 years' imprisonment on the production counts and life on the enticement counts, to be served concurrently. On direct

1 / 9

appeal, the Fifth Circuit rejected Movant's claim that his plea was involuntary and affirmed this Court's judgment. *United States v. Lucio*, 781 F. App'x 348 (5th Cir. 2019). The Supreme Court denied his petition for a writ of certiorari. *Lucio v. United States*, 140 S. Ct. 646 (2019).

Movant, through habeas counsel Cynthia Orr, filed a timely motion under 28 U.S.C. § 2255. The motion alleged that Movant's trial attorneys were constitutionally ineffective for: (1) failing to move to dismiss Counts 3 and 4; (2) erroneously advising Movant to accept the plea agreement and miscommunicating its terms; and (3) failing to investigate Movant's medical background and mitigating evidence of diminished executive function. Movant further claimed that his plea was entered unknowingly and involuntarily due to his counsels' ineffectiveness.

Movant requested, in a separate filing, that the Court modify or suspend the scheduling order so that Ms. Orr could complete her investigation when the Bureau of Prisons' (BOP) restrictions related to COVID-19 were lifted or modified. The Court granted the motion and suspended the scheduling order. In 2023, after BOP restrictions eased, Movant was able to obtain a forensic neuropsychologist evaluation and neuroimaging scans that he believed supported his Section 2255 motion. On June 13, 2024, he filed an amended Section 2255 motion asserting the same four grounds asserted in his original Section 2255 motion. Movant also filed several exhibits to his amended Section 2255 motion, including an unsigned and undated declaration purportedly from his trial counsel, Ruben Lerma ("Lerma Declaration," D.E. 83-3).

On August 23, 2024, Mr. Lerma filed a signed and dated affidavit with this Court, stating:

> I did not prepare the affidavit, which is attached as Exhibit 3 to Dkt. No. 83 in Case No. 2:18-cr-167. I did not make the statements contained in the affidavit. I do not agree with the statements contained within the affidavit. I did not authorize Mr. Lucio or his Section 2255 counsel to prepare and file the affidavit. And, as evidenced by the final page of Exhibit 3, I did not sign or date the affidavit.

D.E. 88.

On August 26, 2024, the Government filed a Motion for Judgment on the Record requesting that the Court deny Movant's Section § 2255 motions without further proceedings. D.E. 89. The Government further argued that the unsigned and undated Lerma Declaration should not be considered by the Court, but even if it were taken as true, it did not provide a basis for relief.

On August 30, 2024, Movant filed a motion requesting: (1) an extension of time to reply to the Government's Motion for Judgment on the Record; (2) to withdraw the Lerma Declaration; and (3) a hearing regarding the substance contained within the Lerma Declaration. D.E. 90. A "Corrected Motion" was filed on September 4, 2024, with the same statements and requests. D.E. 91. Both motions included two exhibits: (1) a declaration from Ms. Orr dated December 2, 2020, describing the conversation she had with Mr. Lerma on November 30, 2020 ("Orr Declaration") and (2) an August 12, 2024 email from Ms. Orr's associate to Mr. Lerma attaching the "draft" declaration and asking him to sign it and send it back. The Government responded that it was not opposed to Movant's request for an extension

of time to reply, but it was opposed to an evidentiary hearing focusing on Mr. Lerma. D.E. 92. The Government further proposed that the Court strike both the Orr Declaration and the Lerma Declaration, which would resolve the potential problem of Ms. Orr serving as both a witness and a lawyer in the same case and would remove incompetent evidence from the record. Finally, the Government suggested that the Court might take disciplinary action against Ms. Orr, but ultimately "defer[red] to the Court on whether to hold a hearing regarding Lucio's § 2255 counsel's conduct related to the unsigned Lerma Declaration." *Id.* at. 11–12.

By written Order entered September 12, 2024, the Court: (1) granted Movant an extension until October 9, 2024, to reply to the Government's Motion for Judgment on the Record; (2) denied Movant's motion to withdraw the Lerma Declaration; (3) denied Movant's motion for a hearing regarding the substance of the Lerma Declaration; and (4) ordered the Lerma Declaration stricken from the record. D.E. 93. The Court declined to pursue any disciplinary action against Ms. Orr.

Later that same day, Ms. Orr filed Petitioner's Reply to the United States' Response to Petitioner's Corrected Motion to Withdraw Declaration and for Additional Time to Reply to the Government's Response. D.E. 94. In it, Ms. Orr withdrew her request to withdraw the Lerma Declaration, stating that the Government and Mr. Lerma had "forced her to be a witness concerning her own credibility" and that she would testify on behalf of Movant and herself. *Id.* at 5. According to Ms. Orr:

> This accusation forces Counsel into the position of needing to testify to defend her truthfulness and substantiate the statements made to her by Mr. Lerma regarding his representation of Mr. Lucio. Given this situation, Counsel is left with no other option

> but to secure new representation for Mr. Lucio in order to fulfill her obligation to testify.

*Id.* at 10.

The Court did not address Ms. Orr's reply brief or set a hearing on the matter, given that its September 12 Order resolved any issues related to the Lerma Declaration. At no point did Ms. Orr move to withdraw as habeas counsel or request a stay until she could secure substitute counsel, presumably because the Court's September 12 Order had eliminated any perceived need to do so.

Despite being granted an extension to respond to the Government's Motion for Judgment on the Record, Movant never responded. Four months later, the Court issued its February 7, 2025 Memorandum Opinion & Order denying Movant's Section 2255 motion. Three weeks later, a different attorney from Ms. Orr's law firm entered an appearance in the case. On March 10, 2025, Movant's "new" counsel filed the current motion to alter or amend the Court's February 7, 2025 Memorandum Opinion & Order.

## II. MOVANT'S CLAIMS

Movant's motion complains that, despite Ms. Orr's "express notification" that Movant was "without legal representation, no substitute counsel was appointed or retained for more than five months." D.E. 102 at 3. He claims that, without substitute counsel, he was "unable to file the response this Court had previously granted him an opportunity to submit" and was "deprived of the ability to participate in the adjudication of his claims." *Id.* at 3, 7. Movant asks the Court to reopen proceedings, permit him to file a reply brief, and then reconsider its ruling.

## III. ANALYSIS

### A. Rule 59(e)

The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("2255 RULES").

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 59(e) or 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of

the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("Where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

Here, Movant claims to attack the integrity of the habeas proceeding by alleging that his lack of habeas counsel prevented him from filing a reply brief. Thus, his motion is not successive.

### B. Analysis of Merits

#### 1. The Court was not required to appoint substitute counsel.

There is no merit to Movant's claim that Ms. Orr was "forced to withdraw on September 12, 2024" or that her filing served as "express notification" to the Court that Movant was without counsel. D.E. 102 at 3, 7. Even if she had withdrawn, the Court was under no obligation to appoint substitute counsel. There is no constitutional right to counsel in Section 2255 proceedings. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Counsel must be appointed if the court holds an evidentiary hearing on a Section 2255 motion; however, counsel is not otherwise required. *Vasquez*, 7 F.3d at 83–84; RULE 8(c), § 2255 RULES. Because Movant's case did not involve an evidentiary hearing, his statutory right to counsel was not triggered.

### 2. Counsel did not abandon Movant without notice.

The Supreme Court has recognized that when a prisoner is represented by counsel during habeas proceedings, "the attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012) (citing *Coleman v. Thompson,* 501 U.S. 722, 753–754 (1991)). "Thus, when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause." *Id.* (citing *Coleman*, 501 U.S. at 754). "A markedly different situation arises, however, when an attorney abandons his client without notice, and thereby occasions the default." *Id.* The Fifth Circuit has elaborated that "[a]bandonment occurs when an attorney ceases representing his client 'without notice.'" *Mullis v. Lumpkin*, 47 F.4th 380, 391 (5th Cir. 2022) (quoting *Maples*).

Here, it is undisputed that Ms. Orr did not abandon Movant without notice. Movant concedes that he was aware of Ms. Orr's belief that she would need to withdraw as counsel and testify as a fact witness regarding the Lerma Declaration; however, this conflict was eliminated by the Court's September 12, 2024 Order striking the Lerma Declaration. Ms. Orr took no action after the Court issued the Order and never withdrew from the case. Despite his claim that Ms. Orr "functionally abandoned" him, Movant admits that Ms. Orr continued to assist him by "under[taking] substantial efforts to retain substitute counsel." D.E. 102 at 1. She "also involved Mr. Lucio's mother, Cecilia Lucio, in the search for alternative counsel." *Id.*

### 3. Counsel's alleged abandonment did not result in a procedural defect.

Finally, in order to seek reconsideration of a habeas petition based on counsel's abandonment, a petitioner must show that counsel's performance resulted in a procedural defect, such as "'fraud on the habeas court'" or an erroneous ruling that "'precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Balentine v. Thaler,* 626 F.3d 842, 846–47 (5th Cir. 2010) (alterations omitted)). Here, Ms. Orr's alleged "functional abandonment" resulted, at most, in Movant missing the deadline to file an optional reply brief. The Court was still able to fully consider his Section 2255 motion on the merits.

## IV. CONCLUSION

For the foregoing reasons, Movant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (D.E. 102) is **DENIED**.

**ORDERED** on May 6, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE